| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **RUSSELL OBRIAN REDDEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned upon a Violation Report (#15) filed in the above entitled cause on December 18, 2012 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Charles R. Brewer, and the government was present through Assistant United States Attorney Donald Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report (#15). The government introduced the violation report into evidence.

The Defendant was charged in a bill of indictment filed on August 7, 2012 with possession of a firearm at a time when he was an unlawful user and addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3). A hearing was held in regard to the detention of Defendant on August 17, 2012. On that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further sets conditions of release which included the following:

(1)    The defendant must not violate any federal, state or local law while on release.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On October 29, 2012 Defendant appeared before United States District Judge Max O. Cogburn, Jr. and entered a plea of guilty to the offense described in the bill of indictment. Judge Cogburn allowed Defendant to continue to be released on the same terms and conditions of presentence release (#5 & 6).

On November 30, 2012, Defendant submitted to an urinalysis test which tested positive for use of marijuana, methamphetamine and amphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)	finds that there is----
	(A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
	(B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2)	finds that ---
	(A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that
the person will not flee or pose a danger to the safety of any other person or
the community; or
	(B) the person is unlikely to abide by any condition or combination
of conditions of release.

Based upon the evidence, the undersigned finds there is probable cause to
believe Defendant committed a federal and state crime while on release.
Defendant possessed and used marijuana, methamphetamine and amphetamine so
he could consume those substances. That possession violated both federal and
state law. The possession of methamphetamine is a misdemeanor under federal
law. 21 U.S.C. § 844. The consumption and possession of methamphetamine is a
felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable
cause to believe Defendant committed a state felony, a rebuttable presumption
arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of
conditions would assure that the Defendant would not pose a danger to the safety
of any other person or the community.

There has further been shown by clear and convincing evidence that
Defendant violated the condition of release that ordered he refrain from use or

unlawful possession of a nacartoic drug unless it is prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by possessing and using marijuana, methamphetamine and amphetamine which are drugs which are not prescribed by a licensed medical practitioners.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that would assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely the Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending sentencing and further proceedings in this matter.

Signed: January 3, 2013

Dennis L. Howell
United States Magistrate Judge